Flynn Wirkus Young, P.C.
A.  Jordan Rushie, Esq.
NJ ID No. 043232008
jrushie@flynnwirkus.com
2424 E York Street, Suite 316
Philadelphia, PA 19125
T: (215) 568-1440
*Attorneys for Plaintiff*

---

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ROTTEN RECORDS, INC.<br><br>Plaintiff,<br><br>v.<br><br>JOHN DOE subscriber assigned IP address 71.58.53.10,<br><br>Defendant. | Civil Action No. 1:15-cv-03306-NLH-JS |

### AFFIDAVIT OF ROBERT STEELE IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO SERVE A THIRD PARTY SUBPOENA PRIOR TO A RULE 26(f) CONFERENCE

I, Robert Steele, do hereby declare:

1. I am over the age of eighteen (18) and otherwise competent to make this affidavit.  The facts stated in this affidavit are based upon my personal knowledge.

2. This affidavit is based on my personal knowledge and, if called upon to do so, I will testify that the facts stated herein are true and accurate.

3. From 2011 through the present, I have been employed by Rightscorp, Inc. where I operate electronic evidence collection processes monitoring copyright infringements on peer-to-peer networks.  I received a B.S. degree in Electronic and

1

Computer Engineering at George Mason University in 1988.

4. I have been professionally involved in designing and deploying computer networking systems from 1986 through the present. I have installed and maintained computer networking systems and electronic transaction processing systems for government agencies and Fortune 500 companies.

5. Among other things, Rightscorp is in the business of providing forensic investigation services to copyright owners.

6. At Rightscorp, the system that I designed for collecting copyright infringement evidence has been used to resolve more than 200,000 cases of copyright infringement for a major motion picture studio and many music publishing companies.

7. In my experience, during the initial phase of Internet based investigations, the offender is only identified by an IP address.

8. The only entity able to correlate an IP address to a specific individual at a given date and time is the Internet Service Provider ("ISP").

9. Once provided with the IP Address, plus the date and time of the detected and documented activity, ISPs can use their subscriber logs to identify the name, address, email address and phone number of the applicable subscriber in control of that IP address at the stipulated date and time.

10. I was directly involved in approximately 50 subpoenas seeking to correlate an IP address to a specific individual at a given date and time either by way of managing the process or performing it personally.

11. The process used by law enforcement, for example, mirrors the process used by Plaintiff to correlate an IP address to an individual.

12. In order to ascertain the identity of the infringer, just as with law enforcement, Plaintiff must subpoena the ISP to learn the subscriber's true identity.

13. Rightscorp's system routinely monitors the BitTorrent file distribution network for the presence of copyrighted works, and identifies Internet Protocol ("IP") addresses that are being used by infringers to distribute these copyrighted works.

14. Plaintiff retained Rightscorp to monitor the BitTorrent file distribution network in order to identify IP addresses that are being used to distribute Plaintiff's copyrighted works without authorization.

15. Rightscorp tasked me with effectuating, analyzing, reviewing and attesting to the results of this investigation.

16. During the performance of my duties, I used software named Wireshark and BitTorrent to scan the BitTorrent file distribution network for the presence of infringing transactions involving Plaintiff's works.

17. Wireshark and BitTorrent were correctly installed and initiated on a computer.

18. Computer(s) using the IP address identified in Exhibit A to the Complaint ("Exhibit A") connected to Rightscorp's investigative computer in order to transmit a full copy, or a portion thereof, of the digital media file identified by the hash value set forth in Exhibit A to the Complaint.[1]

19. The IP address, hash value and hit date contained in Exhibit A correctly reflect what is contained in the evidence logs.

20. Our software analyzed each bit downloaded from the IP address identified

---

[1] For the avoidance of doubt, each Exhibit referenced herein refers to the corresponding Complaint Exhibit.

in Exhibit A. Our software further verified that each of these bits was a portion of the file hash as listed in Exhibit A. The file hash listed in Exhibit A is a digital media file containing a copy of Plaintiff's work, which is identical to the original work as listed in Exhibit B. Our software downloaded one or more bits of the torrent file with the hash listed in Exhibit A from the IP address referenced in Exhibit A.

21. Rightscorp was provided with a control copy of the copyrighted work identified in Exhibit B (the "Work"). Rightscorp reviewed the copyrighted work side-by-side with the corresponding digital copy contained within the torrent file with the hash value set forth in Exhibit A. Rightscorp verified that the digital media file contains a copy of the original work which is identical to the original work listed in Exhibit B.

**FURTHER DECLARANT SAYETH NAUGHT.**

**DECLARATION**

**PURSUANT TO 28 U.S.C. § 1746**, I hereby declare under penalty of perjury that the foregoing is true and correct.

Executed on this 19th day of May, 2015.

By: _[signature]_

4